# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# CORPUS CHRISTI DIVISION

| | |
|---|---|
| ANDREA MORRISON, | § |
| | § |
| *Plaintiff*, | § |
| v. | § |
| | §  Civil Action No. 2:20-cv-299 |
| ARANSAS-CORPUS CHRISTI PILOTS | § |
| | § |
| *Defendant*. | § |

## DEFENDANT ARANSAS-CORPUS CHRISTI PILOTS
## ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

To the Honorable Court,

Comes Now, Defendant, the Aransas-Corpus Christi Pilots (ACCP) and preserving defenses 12(b)(1-7) files this Answer to the Second Amended Complaint of Andrea Morrison ("Morrison" or "Plaintiff") and would respectfully show as follows:

### FIRST DEFENSE

Defendant would show, as an affirmative defense, that this Court lacks subject matter jurisdiction over this dispute because Plaintiff has not exhausted her administrative remedies under Texas law.

### SECOND DEFENSE

Defendant would show, as an affirmative defense that Plaintiff was not an employee of ACCP and she has expressly agreed as much. *See* Pre-Articles of Agreement executed by Plaintiff on July 7, 2017, Exhibit 1. Furthermore, Pilots are independent contractors and are not employees of the Port of Corpus Christ, or anyone else. *See Rivera v. Kirby Offshore Marine, L.L.C.*, 983 F.3d 811, 817 (5th Cir. 2020) (holding Aransas Corpus Christi Pilots are independent contractors).

1

## THIRD DEFENSE

Defendant would show, as an affirmative defense, that even if ACCP was her employer (which is denied) Plaintiff is time barred in her claims against ACCP for failing to timely file suit and serve ACCP within 90 days of receiving her right to sue letter. 42 U.S.C. § 2000e – 5(f)(1); *Randel v. United State Dep't of Navy*, 157 F.3d 392, 395 (5th Cir. 1998); *see also* Plaintiff's right to sue letter issued on August 27, 2020 Exhibit 2. Pursuant to Fed. R. Civ. Procedure 12(b)(6) and the guiding circuit precedent, Plaintiff's claims should be dismissed because Plaintiff filed her complaint on December 7, 2020, twelve days too late. *Taylor v. Books a Million, Inc.*, 296 F.3d 376 (5th Cir. 2002) (dismissing Title VII one day after the 90 day period had expired).

## FOURTH DEFENSE

Defendant would show, as an affirmative defense that the Aransas Corpus Christi Pilots, an unincorporated association of pilots, has no employees, and therefore does not meet the statutory definition of "employer" as defined in Title VII of the Human Rights Act of 1964. *See* 42 U.S.C. § 200e(b).

## FIFTH DEFENSE

Defendant would show, as an affirmative defense that the Aransas Corpus Christi Pilots, an association of pilots, is statutorily immune from the claims made by Plaintiff. *See* TEX. TRANSP. CODE § 70.082.

## SIXTH DEFENSE

Defendant answers the allegations contained within the separately numbered paragraphs of Plaintiff's second amended complaint. Defendant responds and answers each of the paragraphs as numbered by Plaintiff in its Original Complaint as follows:

1. Defendant denies the factual statements in paragraph 1 of Plaintiff's second amended

complaint.

2. Defendant denies the factual statements in paragraph 2 of Plaintiff's second amended complaint.

3. Defendant denies the factual statements in paragraph 3 of Plaintiff's second amended complaint.

4. Defendant avers a response is not required to Paragraph 4 of Plaintiff's second amended complaint.

5. Defendant denies the statements in paragraph 5 of Plaintiff's second amended complaint. Defendant is an unincorporated association of state commissioned branch pilots, and is neither a governmental entity, nor is it an employee of the Port of Corpus Christi Authority, nor is the Port of Corpus Christy Authority its agent for service of process.

6. Defendant is without knowledge and therefore unable to affirm or deny Paragraph 6 of Plaintiff's second amended complaint.

7. Defendant admits paragraph 7 of Plaintiff's second amended complaint.

8. Defendant denies paragraph 8 of Plaintiff's second amended complaint.

9. Defendant denies the allegations of discrimination made in Paragraph 9 of Plaintiff's second amended complaint.

10. Defendant is without knowledge and therefore unable to affirm or deny Paragraph 10 of Plaintiff's second amended complaint.

11. Defendant admits that Morrison is a female mariner but denies the remainder of Paragraph 11 of Plaintiff's second amended complaint.

12. Defendant admits that Plaintiff signed a document titled "Pre-Articles of Agreement,"

but denies the remainder of Paragraph 12 of Plaintiff's second amended complaint.

13. Defendant denies Paragraph 13 of Plaintiff's second amended complaint.

14. Defendant denies Paragraph 14 of Plaintiff's second amended complaint.

15. Defendant denies Paragraph 15 of Plaintiff's second amended complaint.

16. Defendant admits that Captain Adams was her pilot sponsor and master pilot, but denies the remainder of Paragraph 16 of Plaintiff's second amended complaint.

17. Defendant denies Paragraph 17 of Plaintiff's second amended complaint.

18. Defendant denies Paragraph 18 of Plaintiff's second amended complaint.

19. Defendant denies Paragraph 19 of Plaintiff's second amended complaint.

20. Defendant denies Paragraph 20 of Plaintiff's second amended complaint.

21. Defendant denies Paragraph 21 of Plaintiff's second amended complaint.

22. Defendant admits that Plaintiff was required to undergo additional training and evaluation rides as a result of a series of near misses, but denies that allegations and insinuation that male counterparts were treated differently in Paragraph 22 of Plaintiff's second amended complaint.

23. Defendant denies Paragraph 23 of Plaintiff's second amended complaint.

24. Defendant admits that Plaintiff was ordered to remedial ship-handling school, but denies the claims of "wrongful motivation" and that the school instructors complimented Morrison in Paragraph 24 of Plaintiff's second amended complaint.

25. Defendant admits Paragraph 25 of Plaintiff's second amended complaint.

26. Defendant denies Paragraph 26 of Plaintiff's second amended complaint.

27. Defendant denies Paragraph 27 of Plaintiff's second amended complaint.

28. Defendant admits that Captain Edward Gaynor of the U.S. Coast Guard and Captain of

the Port of Corpus Christi sent a letter to the Port of Corpus Christi and ACCP outlining a series of incidents and concerns involving Captain Morrison, but denies the remainder of the baseless allegations contained in Paragraph 28 of Plaintiff's second amended complaint.

29. Defendant denies Paragraph 29 of Plaintiff's second amended complaint.

30. Defendant denies Paragraph 30 of Plaintiff's second amended complaint.

31. Defendant denies Paragraph 31 of Plaintiff's second amended complaint.

32. Defendant denies Paragraph 32 of Plaintiff's second amended complaint.

33. Defendant admits that Plaintiff's training was suspended, but denies that this was a constructive discharge as Plaintiff was never an employee of Defendant. Defendant denies the remainder of the statements in Paragraph 33 of Plaintiff's second amended complaint as well.

34. Defendant admits that the Port of Corpus Christi Pilot Board has the sole and exclusive authority to investigate complaints against pilots, but denies the remainder of statements and allegations contained in Paragraph 34 of Plaintiff's second amended complaint.

35. Defendant denies the incorporation by reference of all prior paragraphs in Paragraph 35 of Plaintiff's second amended complaint where Defendant has denied those specific paragraphs.

36. Defendant admits that Plaintiff is female, however because the rest of the Paragraph 36 of Plaintiff's second amended complaint requires a legal interpretation of whether she is a member of a protected class protected by Title VII, 42 U.S.C. § 1981, namely whether she was an employee, Defendant denies those statements and allegations.

37. Defendant denies paragraph 37 of Plaintiff's second amended complaint.

38. Defendant denies the incorporation by reference of all prior paragraphs in Paragraph 38 of Plaintiff's second amended complaint where Defendant has denied those specific paragraphs.

39. Defendant denies paragraph 39 of Plaintiff's second amended complaint.

40. Defendant denies the incorporation by reference of all prior paragraphs in Paragraph 40 of Plaintiff's second amended complaint where Defendant has denied those specific paragraphs.

41. Defendant denies paragraph 41 of Plaintiff's second amended complaint.

42. Defendant denies the incorporation by reference of all prior paragraphs in Paragraph 42 of Plaintiff's second amended complaint where Defendant has denied those specific paragraphs.

43. Defendant denies paragraph 43 of Plaintiff's second amended complaint.

44. Defendant denies paragraph 44 of Plaintiff's second amended complaint.

45. Defendant denies the incorporation by reference of all prior paragraphs in Paragraph 45 of Plaintiff's second amended complaint where Defendant has denied those specific paragraphs.

46. Defendant denies Paragraph 46 of Plaintiff's second amended complaint.

47. Defendant denies Paragraph 47 of Plaintiff's second amended complaint.

48. Defendant denies Paragraph 48 of Plaintiff's second amended complaint.

49. Defendant denies Paragraph 49 of Plaintiff's second amended complaint.

50. Defendant denies Paragraph 50 of Plaintiff's second amended complaint.

51. Defendant denies Paragraph 51 of Plaintiff's second amended complaint.

52. Defendant denies Paragraph 52 of Plaintiff's second amended complaint.

53. Defendant denies Paragraph 53 of Plaintiff's second amended complaint.

54. Defendant denies Paragraph 54 of Plaintiff's second amended complaint.

55. Defendant denies Paragraph 55 of Plaintiff's second amended complaint.

56. Defendant denies Paragraph 56 of Plaintiff's second amended complaint.

57. Defendant denies Paragraph 57 of Plaintiff's second amended complaint.

58. Defendant denies Paragraph 58 of Plaintiff's second amended complaint.

59. A response is not required to Paragraph 59 of Plaintiff's second amended complaint.

60. Defendant denies the statements and averments made in the Paragraph starting with PRAYER, and enumerating elements of damages a.- j.

## CONCLUSION AND PRAYER

Wherefore, premises considered, Defendant Aransas-Corpus Christi Pilots prays that Plaintiff take nothing, that her lawsuit be dismissed, and for whatever other relief Defendant may be entitled to.

Respectfully submitted

**THE CREW LAW FIRM, P.C.**

By: **/s/ *Paxton Crew***
Paxton Crew
Attorney in Charge for Plaintiff
Aransas-Corpus Christi Pilots
Texas State Bar No. 24058720
Fed. I.D. No. 859147
Paxton@thecrewlawfirm.com
303 East Main Street
League City, Texas 77573
main: 713-955-0909
fax: 409-204-0050

**<u>CERTIFICATE OF SERVICE</u>**

       I hereby certify that a true and correct copy of the foregoing has been served upon all known counsel of record in accordance with the Federal Rules of Civil Procedure on this 4th day of November 2021 on all counsel of record via the U.S. District Court for the Southern District of Texas Electronic Case Filing System.

                                        *<u>Paxton N. Crew</u>*
                                        **Paxton N. Crew**