UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ANDREA MORRISON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 2:20cv299 |
| ARANSAS-CORPUS CHRISTI | § | |
| PILOTS, PORT OF CORPUS CHRISTI | § | |
| PILOT BOARD, | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF'S FIRST AMENDED OBJECTIONS AND RESPONSES TO DEFENDANT ARANSAS-CORPUS CHRISTI PILOTS FIRST SET OF DISCOVERY AND SECOND AMENDED ANSWERS TO INTERROGATORIES**

Plaintiff serves the following answers to Defendant Aransas-Corpus Christi Pilots ("CC Pilots") first set of requests for production, interrogatories, and requests for admission.

Respectfully submitted,

CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP

/s/ *Eric J. Cassidy*
Eric J. Cassidy
Texas Bar No. 24031807
Southern District Texas No. 30001
2 Houston Center
909 Fannin Street, Suite 3800
Houston, Texas 77010
ecassidy@gcfirm.com
Office: (713) 331-2456
Mobile: (713) 331-6778
Fax: (713) 759-0712

**ATTORNEYS FOR PLAINTIFF**



1

**CERTIFICATE OF SERVICE**

     I certify that on October 29, 2021, a copy of the Amended Complaint was served by e-mail and to:

THE CREW LAW FIRM, P.C.
Paxton Crew
303 East Main Street
League City, Texas 77573
paxton@thecrewlawfirm.com

*Attorneys for Defendant Aransas-Corpus Christi Pilots*

     MCKIBBEN, MARTINEZ, JARVIS & WOOD, L.L.P.
James McKibben
Liza Aguilar Wood
1100 Tower II
555 N. Carancahua, Ste. 110
Corpus Christi, Texas 78401
mckibben@mcv-law.com
laguilarwood@mmjw-law.com

*Attorneys for Defendant Port of Corpus Christi Pilot Board*

                                                 */s/ Eric J. Cassidy*
                                               Eric J. Cassidy

**FIRST REQUESTS FOR PRODUCTION**

1. Please produce copies of any and all written complaints regarding hostile work environment you made to:
    a. ACCP;
    b. The Pilot Board;
    c. Your master pilot, including Captain Louis Adams or Captain Jim Dooley

    **RESPONSE:** None.

2. Please produce copies of any and all written complaints regarding hostile sexual discrimination you made to:
    a. ACCP;
    b. The Pilot Board;
    c. Your master pilot, including Captain Louis Adams or Captain Jim Dooley

    **RESPONSE:** None.

3. Please produce copies of any written applications you made to become a branch pilot (this request is not limited to the Port of Corpus Christi, but includes any other pilot group):
    a. ACCP;
    b. The Pilot Board;
    c. Your master pilot, including Captain Louis Adams or Captain Jim Dooley

    **RESPONSE:** None.

4. Please produce copies of your written employment application to American Eagle Tankers.

    **RESPONSE:** None.

5. Please produce copies of any and all materials filed with the Equal Employment Opportunity Commission (EEOC) related to the claims made in this lawsuit.

    **RESPONSE:** Plaintiff objects; these materials are equally available to Defendant from the EEOC as a named party in the EEOC investigation. Plaintiff will not produce documents in response to this request.

## FIRST SET OF INTERROGATORIES

1. Please describe in detail the steps you took to apply to become a branch pilot as required by Chapter 70. This request is not related to your application to become a deputy pilot, it is specifically regarding your application to become a <u>branch</u> pilot.

   **ANSWER:** Plaintiff could not apply to be a Branch Pilot because she was required to be a Deputy Branch Pilot for the term stated in the TSTC prior to applying to be a Branch Pilot. Plaintiff was wrongly terminated without cause by Defendant prior to the expiration of that term.

2. Did you request any remedial action be taken regarding your alleged hostile work environment claims? If so, please describe specifically who you made the request to, and whether the request was denied. If the request was denied, please describe who denied it and the manner in which it was denied.

   **ANSWER:**

   Yes.

   Kevin Monocot, Earl "Trip" Webb, John Williams, Matt Lynch, Lewis Adams, and Jim Dooley.

   Yes. Each person I told heard what I said, was on notice, and took no action.

3. Why did you designate Raincross Marine, LLC as the entity to whom you wished for Defendant ACCP to distribute your pilot income?

   **ANSWER:** Because I was instructed to do so by Defendant.

4. Did AET hire Andrea Morrison or Raincross Marine, LLC?

   **ANSWER:** AET hired Andrea Morrison.

5. Describe in detail the ways in which Defendant ACCP prevented you from becoming a Branch Pilot as alleged in your Second Amended Complaint.

   **ANSWER:** ACCP prevented Andrea Morrison from becoming a Branch Pilot by wrongly firing her without cause prior to the expiration of her term as a Deputy Branch Pilot because of her gender.

6. Describe in detail who you reported the alleged discriminatory actions as described in paragraph 37 of your Second Amended Complaint. For purposes of this Interrogatory, please describe with specificity, how the complaint was made (oral or written); when it was made; the specific complaint you made at the time; and who the specific complaint was regarding.

   **ANSWER:** *See* the answer to Interrogatory 2. Plaintiff made complaints specific to Bobby Grumbles and Forrest Albrecht. Plaintiff notified the pilots that Grumbles cornered her on a boat, blocked her from leaving, and demanded a quid pro quo. Plaintiff was physically intimidated by Grumbles. Plaintiff further reported to the same individuals numerous instances of discrimination and abuse.

7. Describe in detail the property interest you allege you were deprived of by the actions of Defendant ACCP.

   **ANSWER:** Commission as a pilot and Plaintiff's reputation as a pilot.

8. What advice did Jennings, Hawley & Co, P.C. with regard to forming Raincross Marine, LLC? For the purposes of this interrogatory, please indicate:

   a. The first time you met with Jennings, Hawley & Co., P.C. to form Raincross Marine, LLC;
   b. Who you met with at Jennings, Hawley & Co., P.C. to discuss forming Raincross Marine, LLC; and,
   c. When was the last time you met with Jennings, Hawley & Co, P.C.?

   **ANSWER:** Plaintiff does not recall any advice she received from accountants about forming an LLC.

9. Who do you contend were the employees of Defendant ACCP for the years 2017-2019?

   **ANSWER:** Members of the ACCP referred to anyone who worked for ACCP who was not a pilot as "an employee," including dispatchers, pilot boat operators, and office staff.

10. In Paragraph 42 of your Second Amended Original Complaint, you allege you reported discriminatory practices to Captain Louis Adams and "the CC Pilot's Management" on several occasions. Do you blame Captain Louis Adams for there being no record of any of these complaints?

    **ANSWER:** Plaintiff objects to the predicate. Subject to this objection, No.

11. In Paragraph 42 of your Second Amended Original Complaint, you allege you reported discriminatory practices to Captain Louis Adams and "the CC Pilot's Management" on several occasions. Who do you believe to be the CC Pilot's Management?

    **ANSWER:** "Management" was Kevin Monocco, the president, and John Williams, the vice president of ACCP.

12. Identify every member of the Aransas-Corpus Christi Pilots you allege discriminated against you on the basis of your gender. If you identify any individual member, please indicate a) how that member discriminated against you; b) the effect of the discrimination; c) the exact date the discriminatory act occurred; and d) the last time a discriminatory act occurred.

    **ANSWER:** Forrest Albrecht discriminated against Morrison. When she asked for advice on anything he essentially berated her and treated her as stupid because she was a woman. He made fun of her personal life, including her significant other at the time, asking me when he was going to be "a Kept Man." Almost every two-pilot job with him was unbearable as she could not trust that she would be emotionally and physically safe. This was especially true after she learned that he had a propensity for violence, including when he had attacked a boy at his daughter's high school with his vehicle.
    In addition, in March of 2019, Morrison was invited to attend "lady pilot weekend" where several female pilots from varying associations got together for a girls weekend. He asked me

9

## DECLARATION UNDER PENALTY OF PERJURY

"I, Andrea Morrison, under the penalty of perjury under the laws of the United States of America that the foregoing answer in response to Defendant's first set of interrogatories are true and correct."

Executed on September 7, 2021.

Andrea Morrison

**65.**   Admit that you could not have become a branch pilot without being trained by members of ACCP.

**ANSWER:**  Denied.

**66.**   Admit that you were informed by your master pilot, Captain Jim Dooley, that you were being suspended for safety reasons.

**ANSWER:**  Denied.

**67.**   Admit you are making no direct claim against Captain Jim Dooley.

**ANSWER:**  Plaintiff objects to the predicate of the question, which calls for a legal conclusion.  Subject to this objection, Denied.

**68.**   Admit that you are making no direct claim against the Estate of Louis Adams.

**ANSWER:**  Plaintiff objects to the predicate of the question, which calls for a legal conclusion.  Subject to this objection, Denied.

**69.**   Admit that you are making no direct claim against Captain Steve Conway.

**ANSWER:**  Plaintiff objects to the predicate of the question, which calls for a legal conclusion.  Subject to this objection, Denied.

**70.**   Admit that you are making no direct claim against Captain Earl Trip Webb.

**ANSWER:**  Plaintiff objects to the predicate of the question, which calls for a legal conclusion.  Subject to this objection, Denied.

**71.**   Admit that you are making no direct claim against Captain John Williams.

**ANSWER:**  Plaintiff objects to the predicate of the question, which calls for a legal conclusion.  Subject to this objection, Denied.

**72.**   Admit that you are making no direct claim against Captain Lucius Edwards.

**ANSWER:**  Plaintiff objects to the predicate of the question, which calls for a legal conclusion.  Subject to this objection, Denied.

**73.**   Admit that you are making no direct claim against Captain Ryan Read.

**ANSWER:**  Plaintiff objects to the predicate of the question, which calls for a legal conclusion.  Subject to this objection, Denied.

74. Admit that you are making no direct claim against Captain Kenneth Todd Olson.

    **ANSWER:** Plaintiff objects to the predicate of the question, which calls for a legal conclusion. Subject to this objection, Denied.

75. Admit that you are making no direct claim against Captain Ryan Miller.

    **ANSWER:** Plaintiff objects to the predicate of the question, which calls for a legal conclusion. Subject to this objection, Denied.

76. Admit that you are making no direct claim against Captain Ben Watson.

    **ANSWER:** Plaintiff objects to the predicate of the question, which calls for a legal conclusion. Subject to this objection, Denied.

77. Admit that you are making no direct claim against Captain Cory Fontenot.

    **ANSWER:** Plaintiff objects to the predicate of the question, which calls for a legal conclusion. Subject to this objection, Denied.

78. Admit that you are making no direct claim against Captain Carlos Royo.

    **ANSWER:** Plaintiff objects to the predicate of the question, which calls for a legal conclusion. Subject to this objection, Denied.

79. Admit that you are making a direct claim against Captain Bobby Grumbles.

    **ANSWER:** Plaintiff objects to the predicate of the question, which calls for a legal conclusion. Subject to this objection, Denied.

80. Admit that you are making no direct claim against Captain Doug Stinchcomb.

    **ANSWER:** Plaintiff objects to the predicate of the question, which calls for a legal conclusion. Subject to this objection, Denied.

81. Admit that you are making no direct claim against Captain Matt Lynch.

    **ANSWER:** Plaintiff objects to the predicate of the question, which calls for a legal conclusion. Subject to this objection, Denied.

82. Admit that you are making no direct claim against Captain Kevin Monaco.

    **ANSWER:** Plaintiff objects to the predicate of the question, which calls for a legal conclusion. Subject to this objection, Denied.

83. Admit that you are making no direct claim against Captain Bob Lippold.

>    **ANSWER:**  Plaintiff objects to the predicate of the question, which calls for a legal conclusion.  Subject to this objection, Denied.

84.   Admit that you are making no direct claim against Captain Jay Rivera.

>    **ANSWER:**  Plaintiff objects to the predicate of the question, which calls for a legal conclusion.  Subject to this objection, Denied.

85.   Admit that you never sailed as a full master.

>    **ANSWER:**  Plaintiff objects to the predict of the question because being a "full master" is not a prerequisite and therefore the request is irrelevant.  Subject to these objections, Plaintiff has a master license as a full master.