TRANSPORTATION CODE

TITLE 4. NAVIGATION

SUBTITLE B. PILOTS

# CHAPTER 70. PORT OF CORPUS CHRISTI PILOTS LICENSING AND REGULATORY ACT

## SUBCHAPTER A. GENERAL PROVISIONS

Sec. 70.001. SHORT TITLE. This chapter may be cited as the Port of Corpus Christi Pilots Licensing and Regulatory Act.

Added by Acts 1997, 75th Leg., ch. 359, Sec. 4, eff. Sept. 1, 1997.

Sec. 70.002. DEFINITIONS. In this chapter:

(1) "Board" means the board of pilot commissioners for the Port of Corpus Christi Authority.

(2) "Consignee" means a person, including a master, owner, agent, subagent, person, firm or corporation, or any combination of those persons, who enters or clears a vessel at the Office of United States Customs.

(3) "Port of Corpus Christi" means a place into which a vessel enters or from which a vessel departs and the waterway leading to that place from the Gulf of Mexico under the jurisdiction of the Port of Corpus Christi Authority.

(4) "Pilot" means a person who is licensed as a branch pilot or certified as a deputy branch pilot under this chapter.

(5) "Pilotage rate" means the remuneration a pilot may lawfully charge a vessel for pilot services.

(6) "Pilot services" means acts of a pilot in conducting a vessel through navigable water in this state and the ports in which the pilot is licensed or certified as a pilot.

(7) "Vessel" means an oceangoing vessel.

Added by Acts 1997, 75th Leg., ch. 359, Sec. 4, eff. Sept. 1, 1997.

Sec. 70.003. APPLICATION OF ACT. (a) This chapter applies only to the Port of Corpus Christi.

(b) This chapter does not affect the existing laws for ports in other counties, and those laws do not apply to the Port of Corpus Christi.

Added by Acts 1997, 75th Leg., ch. 359, Sec. 4, eff. Sept. 1, 1997.

## SUBCHAPTER B. BOARD OF PILOT COMMISSIONERS

Sec. 70.011. COMPOSITION OF BOARD. The board of pilot commissioners for the Port of Corpus Christi is composed of the seven port commissioners for the Port of Corpus Christi Authority.

Added by Acts 1997, 75th Leg., ch. 359, Sec. 4, eff. Sept. 1, 1997.

Sec. 70.012. PROHIBITED INTEREST. A person may not be a member of the board if the person has a conflict of interest or a direct or indirect interest in any business affected by or connected with the performance of the person's duties as a pilot commissioner.

Added by Acts 1997, 75th Leg., ch. 359, Sec. 4, eff. Sept. 1, 1997.

Sec. 70.013. OATH. Before beginning service as a board member, each board member must take and sign before a person authorized to administer oaths an oath to faithfully and impartially discharge the duties of the office.

Added by Acts 1997, 75th Leg., ch. 359, Sec. 4, eff. Sept. 1, 1997.

Sec. 70.014. TERM OF OFFICE. (a) The term of office of a commissioner of pilots coincides with a person's term as a port commissioner for the Port of Corpus Christi Authority.

(b) A member holds office until the member's successor is appointed and qualified.

Added by Acts 1997, 75th Leg., ch. 359, Sec. 4, eff. Sept. 1, 1997.

Sec. 70.015. JURISDICTION. The board has exclusive jurisdiction over the piloting of vessels in the Port of Corpus Christi, including intermediate stops and landing places for vessels on navigable streams wholly or partially located in the board's jurisdiction.

Added by Acts 1997, 75th Leg., ch. 359, Sec. 4, eff. Sept. 1, 1997.

Sec. 70.016. ADMINISTRATION AND RULES. (a) The board shall administer this chapter and may perform any act or function necessary to carry out its powers and duties under this chapter.

(b) The board may adopt rules to carry out this chapter.

Added by Acts 1997, 75th Leg., ch. 359, Sec. 4, eff. Sept. 1, 1997.

Sec. 70.017. DUTIES. The board shall:

(1) recommend to the governor the number of pilots necessary to provide adequate pilot services for the Port of Corpus Christi;

(2) examine and determine the qualifications of each applicant for branch pilot;

(3) submit to the governor the names of persons who have qualified under this chapter to be appointed as branch pilots;

(4) establish pilotage rates;

(5) approve any changes of the locations of pilot stations;

(6) establish times during which pilot services will be available;

(7) hear and determine complaints relating to the conduct of pilots;

(8) make recommendations to the governor concerning any pilot whose license or certificate should not be renewed or should be revoked;

(9) adopt rules and issue orders to pilots and vessels when necessary to secure efficient pilot services; and

(10) institute investigations or hearings or both to consider casualties, accidents, or other actions that violate this chapter.

Added by Acts 1997, 75th Leg., ch. 359, Sec. 4, eff. Sept. 1, 1997.

Sec. 70.018. PILOT REVIEW BOARD. The board shall establish a pilot review board consisting of two active state-commissioned pilots serving the Port of Corpus Christi, two members of the marine industry, and a chairperson, who, or whose designee, shall be the secretary of the board, to hear and review complaints against pilots and to make recommendations to the board concerning the complaints.

Added by Acts 1997, 75th Leg., ch. 359, Sec. 4, eff. Sept. 1, 1997.

Sec. 70.019. UNFAIR DISCRIMINATION PROHIBITED. (a) In all its duties, including rulemaking, the board may not sanction discriminatory practices nor discriminate against a pilot or pilot applicant because of race, religion, sex, ethnic origin, or national origin.

(b) A person seeking a remedy for a violation of this section must bring suit in a district court in Nueces County.

Added by Acts 1997, 75th Leg., ch. 359, Sec. 4, eff. Sept. 1, 1997.

Sec. 70.020. OPEN MEETINGS LAW. Chapter 551, Government Code, applies to actions and proceedings under this chapter.

Added by Acts 1997, 75th Leg., ch. 359, Sec. 4, eff. Sept. 1, 1997.

Sec. 70.021. RULE OR RATE CHANGE. (a) The board shall give at least 10 days' notice as provided by this section before the board adopts a rule or changes a pilotage rate.

(b) The board shall mail the notice and a copy of the proposed rule or change by registered mail to:

(1) the designated office of the Aransas-Corpus Christi Pilots; and

(2) all known consignees and all known associations of consignees operating in Nueces County.

(c) The board shall post a copy of the proposed rule or change at the Nueces County courthouse for public inspection.

Added by Acts 1997, 75th Leg., ch. 359, Sec. 4, eff. Sept. 1, 1997.

Sec. 70.022. JUDICIAL REVIEW. Proceedings for judicial review of a board decision shall be brought in a district court in Nueces County.

Added by Acts 1997, 75th Leg., ch. 359, Sec. 4, eff. Sept. 1, 1997.

## SUBCHAPTER C. PILOTS' LICENSES OR CERTIFICATES

Sec. 70.031. LICENSES OR CERTIFICATE REQUIRED. A person may not provide pilot services unless the person has a license or certificate issued under this chapter for the Port of Corpus Christi.

Added by Acts 1997, 75th Leg., ch. 359, Sec. 4, eff. Sept. 1, 1997.

Sec. 70.032. QUALIFICATIONS FOR LICENSE. To be eligible for a license as a branch pilot, a person must:

(1) be at least 25 years of age;

(2) be a United States citizen;

(3) as of the date the license is issued, have resided continuously in the state for at least two years;

(4) have at least two years' service as a deputy branch pilot under the supervision of a state-commissioned pilot serving the Port of Corpus Christi;

(5) have controlled the navigation of vessels such as the person would pilot;

(6) have extensive experience in the docking and undocking of vessels;

(7) be in good mental and physical health;

(8) have good moral character; and

(9) possess the requisite skill as a navigator and pilot to perform competently and safely the duties of a branch pilot.

Added by Acts 1997, 75th Leg., ch. 359, Sec. 4, eff. Sept. 1, 1997.

Sec. 70.033. QUALIFICATIONS FOR CERTIFICATE. To be eligible for a certificate as a deputy branch pilot, a person must:

(1) be at least 25 years of age;

(2) be a United States citizen;

(3) be appointed by a branch pilot;

(4) be in good mental and physical health;

(5) have good moral character; and

(6) possess the requisite skill as a navigator and pilot to perform competently and safely the duties of a deputy branch pilot.

Added by Acts 1997, 75th Leg., ch. 359, Sec. 4, eff. Sept. 1, 1997.

Sec. 70.034. APPLICATION FOR LICENSE OR CERTIFICATE. To apply for a branch pilot's license or a deputy branch pilot's certificate, a person must give the board a written application in the form and manner required by board rule.

Added by Acts 1997, 75th Leg., ch. 359, Sec. 4, eff. Sept. 1, 1997.

Sec. 70.035. CONSIDERATION OF APPLICATION. As part of its consideration of applications for licenses, the board may examine and decide on the qualifications of an applicant for the position of branch pilot.

Added by Acts 1997, 75th Leg., ch. 359, Sec. 4, eff. Sept. 1, 1997.

Sec. 70.036. BRANCH PILOT APPOINTMENT BY GOVERNOR. (a) On filing of the bond and oath required by Section 70.038, the board shall certify to the governor that a person licensed as a branch pilot has qualified.

(b) On receipt of the board's certification, the governor shall issue to the person, in the name of the state and under the state seal, a commission to serve as a branch pilot to and from the Port of Corpus Christi.

(c) The governor shall appoint the number of branch pilots necessary to provide adequate pilot services for the Port of Corpus Christi.

Added by Acts 1997, 75th Leg., ch. 359, Sec. 4, eff. Sept. 1, 1997.

Sec. 70.037. DEPUTY BRANCH PILOT APPOINTMENT BY BRANCH PILOT. (a) Each branch pilot, subject to examination and approval of the board, may appoint two deputy branch pilots.

(b) A branch pilot may appoint an additional deputy branch pilot if the board considers the appointment advisable.

(c) A branch pilot who appoints a deputy branch pilot without the approval of the board forfeits the pilot's appointment as a branch pilot.

Added by Acts 1997, 75th Leg., ch. 359, Sec. 4, eff. Sept. 1, 1997.

Sec. 70.038. OATH AND BOND. (a) A person appointed as a pilot must take the official oath before entering service as a pilot. The oath shall be endorsed on the bond required by Subsection (b).

(b) Each pilot must execute a $25,000 bond payable to the governor and conditioned on compliance with the laws, rules, and orders relating to pilots and on the faithful performance of the pilot's duties.

(c) Each bond must be approved by the board.

Added by Acts 1997, 75th Leg., ch. 359, Sec. 4, eff. Sept. 1, 1997.

Sec. 70.039. TERMS OF LICENSES AND CERTIFICATES. (a) A branch pilot's license expires on the fourth anniversary of the date it is issued or renewed.

(b) A deputy branch pilot's certificate expires on the second anniversary of the date it is issued and may not be renewed.

Added by Acts 1997, 75th Leg., ch. 359, Sec. 4, eff. Sept. 1, 1997.

Sec. 70.040. BRANCH PILOT'S LICENSE RENEWAL. (a) The governor shall renew a branch pilot's expiring license if the board recommends renewal.

(b) If a pilot applies in writing and qualifies, the board shall recommend renewal unless the board determines there is probable cause not to renew the license.

(c) Probable cause not to renew a license exists if the board finds that the license holder:

(1) does not possess a qualification required by this chapter for pilots; or

(2) has a disability that will affect the license holder's ability to serve as a pilot.

(d) If the board determines that it has probable cause not to renew a license, the board shall notify the license holder not later than the 60th day before the date the license expires. On request, the board shall provide a hearing after proper notice to consider whether the board has cause not to recommend renewal of the license.

(e) If the board finds at the conclusion of the hearing that the board lacks probable cause for nonrenewal of the license, the board shall recommend that the governor renew the license.

(f) The board shall issue a written order recommending that the governor not renew a license and the governor may not renew the license if:

(1) the pilot does not contest the board's decision not to renew the license; or

(2) the board after a hearing finds that it has probable cause not to renew the license.

(g) The denial of renewal of a pilot's license does not prohibit the pilot from applying for a new license and being reappointed.

Added by Acts 1997, 75th Leg., ch. 359, Sec. 4, eff. Sept. 1, 1997.

Sec. 70.041. DEPUTY BRANCH PILOT. A person who has been issued a deputy branch pilot's certificate may not be issued a deputy branch pilot's certificate before the fifth anniversary of the date the person was previously issued a deputy branch pilot's certificate.

Added by Acts 1997, 75th Leg., ch. 359, Sec. 4, eff. Sept. 1, 1997.

Sec. 70.042. SUSPENSION OR REVOCATION OF BRANCH PILOT'S LICENSE. (a) On complaint or on its own motion, and after notice and hearing, the board may suspend a branch pilot's license for not more than six months or recommend that the governor revoke a branch pilot's license if the board finds that the pilot has:

(1) failed to demonstrate and maintain the qualifications for a license required by this chapter;

(2) used narcotics or other types of drugs, chemicals, or controlled substances as defined by law that impair the pilot's ability to perform his duties skillfully and efficiently;

(3) used alcohol to an extent that impairs the pilot's ability to perform his duties skillfully and efficiently;

(4) violated a provision of this chapter or rules adopted by the board under this chapter that were material to the performance of the pilot's duties at the time of the violation;

(5) made a material misstatement in the application for a license;

(6) obtained or attempted to obtain a license under this chapter by fraud or misrepresentation;

(7) charged a pilotage rate other than that approved by the board;

(8) intentionally refused to pilot a vessel when requested to do so by the master or person responsible for navigation of the vessel except when, in the judgment of the pilot, movement of the vessel would have constituted a hazard to life or property or when pilotage charges that are due and owing are unpaid by the person ordering the pilot services;

(9) been absent from duty in violation of board rules and without authorization;

(10) aided or abetted another pilot in failing to perform the other pilot's duties; or

(11) been guilty of carelessness, neglect of duty, intentional unavailability for normal performance of duties, refusal to perform duties, misconduct, or incompetence while on duty.

(b) On determining that a license should be suspended or revoked, the board shall adopt a written order that states its findings and:

(1) suspends the license for a stated period; or

(2) recommends to the governor revocation of the license.

(c) The governor, on receipt of a board order recommending revocation of a license, shall revoke the license. If the board's order is appealed, the governor may not revoke the license until the order is upheld on appeal.

(d) A suspension of a license on the recommendation of a pilot review board takes effect on adoption of the board's order. A revocation of a branch pilot's license takes effect on issuance of the governor's decision.

Added by Acts 1997, 75th Leg., ch. 359, Sec. 4, eff. Sept. 1, 1997.

Sec. 70.043. SUSPENSION OR REVOCATION OF DEPUTY BRANCH PILOT'S CERTIFICATE. A deputy branch pilot certificate may be suspended or revoked by the board in the same manner and for the same reasons as provided for the suspension or revocation of a branch pilot's license by Section 70.042.

Added by Acts 1997, 75th Leg., ch. 359, Sec. 4, eff. Sept. 1, 1997.

Sec. 70.044. LIABILITY TO PILOT. (a) A person who is not a pilot and who, in violation of this chapter, pilots a vessel and the consignee of the vessel are liable to the pilot, on written demand, for the amount of the applicable pilotage rate.

(b) In an action to recover compensation under Subsection (a), the court may include in a judgment in favor of a pilot an award of court costs and reasonable attorney's fees.

Added by Acts 1997, 75th Leg., ch. 359, Sec. 4, eff. Sept. 1, 1997.

## SUBCHAPTER D. PILOTAGE RATES

Sec. 70.061. PILOTAGE RATE CHANGE. (a) The board may not change pilotage rates before the first anniversary of the preceding rate change.

Added by Acts 1997, 75th Leg., ch. 359, Sec. 4, eff. Sept. 1, 1997.

Sec. 70.062. PILOTAGE RATE CHANGE APPLICATION. (a) An application for a change in a pilotage rate may be filed with each commissioner of the board by:

(1) one or more pilots; or

(2) the owner, agent, or consignee of a vessel navigating to or from the Port of Corpus Christi.

(b) The application must contain:

(1) a brief statement of the circumstances that warrant the change; and

(2) a certification that the applicant has submitted copies of the application to all known pilots, consignees, and associations of consignees operating in the Port of Corpus Christi at the time of the application.

Added by Acts 1997, 75th Leg., ch. 359, Sec. 4, eff. Sept. 1, 1997.

Sec. 70.063. OBJECTION; HEARING. (a) If, not later than the 20th day after the date notice is sent, a commissioner receives a written objection to the application from any person who appears to have a legitimate interest in the application, the board shall hold a hearing as provided by this section.

(b) The board shall hold the hearing not later than the 20th day after the date the 20-day period provided by Subsection (a) expires.

(c) The board shall give notice of the hearing to:

(1) each applicant;

(2) each person objecting to the application; and

(3) any other person the board determines is interested in the proceedings.

(d) The hearing shall be open to the public and held at a convenient time and place in one of the ports that would be affected by the change. Each party who demonstrates a legitimate interest in the application is entitled to be heard, to present evidence, and, to the extent the board considers practical, to cross-examine testifying witnesses.

Added by Acts 1997, 75th Leg., ch. 359, Sec. 4, eff. Sept. 1, 1997.

Sec. 70.064. BOARD ACTION ON APPLICATION. (a) If an objection to an application for a rate change is not received by any commissioner within the period provided by Section 70.063(a), the board shall act on the application without further proceedings.

(b) If a hearing is held as provided by Section 70.063, the board shall grant, deny, or modify the application after receipt of the evidence offered by the parties and arguments and briefs requested by the board.

Added by Acts 1997, 75th Leg., ch. 359, Sec. 4, eff. Sept. 1, 1997.

Sec. 70.065. PILOT FINANCIAL REPORT. (a) Not later than the 10th day before the date set for a pilotage rate hearing, the pilots who are licensed or certified to serve the port for which the rates are being considered shall submit in writing to the board and to any party designated by the board complete accounts of:

(1) all amounts received from performing pilot services within the board's jurisdiction;

(2) all earnings from capital assets devoted to providing pilot services;

(3) all expenses incurred in connection with pilotage activities for which amounts described were received and earned; and

(4) estimates of receipts and expenses anticipated to result from the requested changes in pilotage rates.

(b) The pilots shall provide the information for:

(1) the calendar or fiscal year preceding the date of the pilotage rate change application; and

(2) the subsequent period to within 60 days of the date of the application.

Added by Acts 1997, 75th Leg., ch. 359, Sec. 4, eff. Sept. 1, 1997.

Sec. 70.066. FACTORS FOR BOARD CONSIDERATION. In acting on a pilotage rate change application, the board shall consider:

(1) characteristics of vessels to be piloted including but not limited to the size of the vessel and the degree of difficulty to maneuver;

(2) costs to pilots to provide the required pilot services;

(3) the effect, including economic factors affecting the shipping industry in the area, that the granting, refusal, or modification of the application would have on the Port of Corpus Christi and the persons residing in the board's jurisdiction;

(4) an adequate and reasonable compensation for the pilots and a fair return on the equipment and vessels that the pilots employ in connection with pilot duties; and

(5) the relationship between the pilotage rates in the Port of Corpus Christi and the rates applicable in other ports of this state and in competitive ports in other states.

Added by Acts 1997, 75th Leg., ch. 359, Sec. 4, eff. Sept. 1, 1997.

Sec. 70.067. BOARD ACTION. (a) A board order granting, denying, or modifying an application for a rate change must state its effective date. The order is final, except as provided by Subsection (b).

(b) Any party aggrieved by the board's order may, after exhausting all administrative remedies, appeal the order to a court.

Added by Acts 1997, 75th Leg., ch. 359, Sec. 4, eff. Sept. 1, 1997.

Sec. 70.068. REPORTING AND STENOGRAPHIC COSTS. (a) The board may assess the actual costs the board considers fair and just for reporting and stenographic services necessarily incurred in connection with a hearing against one or more of the applicants and objecting parties.

(b) The board may require that an applicant or objecting party deposit an amount against those costs as a condition of presenting an application or objection.

Added by Acts 1997, 75th Leg., ch. 359, Sec. 4, eff. Sept. 1, 1997.

Sec. 70.069. ORDER FILED. (a) The board shall file a copy of its order with the Nueces County clerk.

(b) The board shall file the order not later than the 20th day after:

(1) the closing date of a hearing held as provided by Section 70.063(b); or

(2) if the hearing is not held, the expiration of the period provided by Section 70.063(a).

Added by Acts 1997, 75th Leg., ch. 359, Sec. 4, eff. Sept. 1, 1997.

Sec. 70.070. EMERGENCY PILOTAGE RATES. (a) The board may establish emergency pilotage rates for the period of an emergency, not to exceed 90 days, if the board finds that:

(1) a natural or man-made disaster has created a substantial hazard to piloting vessels into and out of a port; and

(2) the existence of the hazard overrides the necessity to comply with normal pilotage rate-setting procedures.

(b) In adopting emergency pilotage rates, the board is not required to comply with the procedures in this chapter or in its rules relating to the adoption of pilotage rates.

(c) Emergency pilotage rates may not be appealed.

(d) The board shall adopt rules to carry out this section.

Added by Acts 1997, 75th Leg., ch. 359, Sec. 4, eff. Sept. 1, 1997.

Sec. 70.071. PILOT SERVICES REQUIRED. The consignee of a vessel under the consignee's control shall obtain pilot services for the vessel and shall pay the pilot who pilots the vessel into and out of the port area compensation according to the pilotage rates filed by the board.

Added by Acts 1997, 75th Leg., ch. 359, Sec. 4, eff. Sept. 1, 1997.

Sec. 70.072. LIABILITY. (a) A pilot who charges a pilotage rate for pilot services different from the pilotage rates established under this chapter for the port in which the pilot serves is liable to each person who was charged the different rate for double the amount of pilotage.

(b) A court may include in a judgment in favor of a person who files suit to collect an amount owed under this chapter an award to cover court costs and reasonable attorney's fees.

Added by Acts 1997, 75th Leg., ch. 359, Sec. 4, eff. Sept. 1, 1997.

## SUBCHAPTER E. PILOT LIABILITY

Sec. 70.081. PURPOSE. The purpose of this subchapter is to:

(1) in the public interest, stimulate and preserve maritime commerce on the pilotage grounds of this state by limiting and regulating the liability of pilots; and

(2) maintain pilotage fees at reasonable levels.

Added by Acts 1997, 75th Leg., ch. 359, Sec. 4, eff. Sept. 1, 1997.

Sec. 70.082. PILOT LIABILITY. A pilot is not liable directly or as a member of an organization of pilots for a claim that:

(1) arises from an act or omission of another pilot or organization of pilots; and

(2) relates directly or indirectly to pilot services.

Added by Acts 1997, 75th Leg., ch. 359, Sec. 4, eff. Sept. 1, 1997.

Sec. 70.083. PILOTS LIABILITY LIMITED. (a) A pilot providing pilot services is not liable for more than $1,000 for damage or loss caused by the pilot's error, omission, fault, or neglect in the performance of the pilot services, except as provided by Subsection (b).

(b) Subsection (a) does not apply to:

(1) damage or loss that arises because of the wilful misconduct or gross negligence of the pilot;

(2) liability for exemplary damages for gross negligence of the pilot and for which no other person is jointly or severally liable; or

(3) an act or omission related to the ownership and operation of a pilot boat unless the pilot boat is directly involved in pilot services other than the transportation of pilots.

(c) This section does not exempt the vessel or its owner or operator from liability for damage or loss caused by the vessel to a person or property on the grounds that:

(1) the vessel was piloted by a pilot; or

(2) the damage or loss was caused by the error, omission, fault, or neglect of a pilot.

(d) In an action brought against a pilot for an act or omission for which liability is limited as provided by this section and in which other claims are made or anticipated with respect to the same act or omission, the court shall dismiss the proceedings as to the pilot to the extent the pleadings allege pilot liability that exceeds $1,000.

Added by Acts 1997, 75th Leg., ch. 359, Sec. 4, eff. Sept. 1, 1997.